UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAMONT RICHARDSON,

       Plaintiff,

v.                                                                                                Case No. 08-13851
                                                                                                  Honorable Gerald E. Rosen
NICK LUDWICK, *et. al.*,

       Defendants.
_____/

## OPINION AND ORDER
## DISMISSING PLAINTIFF'S 42 U.S.C. § 1983 COMPLAINT
## AND
## FINDING NO GOOD-FAITH BASIS FOR APPEAL

I.

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Alger Maximum Correctional Facility in Munising, Michigan. Plaintiff's present allegations occurred while he was imprisoned at the St. Louis Correctional Facility in St. Louis, Michigan. Having reviewed Plaintiff's complaint, the Court dismisses it for failing to state a claim upon which relief can be granted. The Court has granted Plaintiff leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a).

II.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Absent either element, a section 1983 claim will not lie. *Hakken v. Washtenaw County*, 901 F. Supp. 1245, 1249 (E.D. Mich. 1995). Under the Prison Litigation Reform Act, Pub. L. No. 104-

134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; 42 U.S.C. § 1997(e)(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Id.* Applying those standards, this Court dismisses Plaintiff's complaint for failure to state a claim.

### III.

Plaintiff contends that, while he was incarcerated at the St. Louis Correctional Facility, Defendants denied him a work assignment and refused to assign him to a GED class. Plaintiff claims that by doing so, Defendants violated their own policy directive, which states that the Department's mission is "[to provide] meaningful opportunities for offenders to help themselves to improve their behavior and become law[-]abiding and productive citizens through academic, vocational, work, recreational and religious programs." (Plaintiff's Complaint, ¶ 5.) Plaintiff alleges that he is required to have a GED and maintain a work assignment in order to be paroled. Plaintiff claims that Defendants denied his requests while at the same time honoring identical requests from other inmates. Plaintiff seeks monetary damages for ten thousand dollars in compensatory and punitive damages from each Defendant.

### IV.

First, prison inmates have no vested right to particular job assignments and their removal is a matter of prison administration with which federal courts are reluctant to interfere. An inmate's expectation of keeping a particular job assignment in prison does not amount to a property or liberty interest entitled to protection under the due-process clause. *Gardner v. Johnson*, 429 F.Supp. 432, 434-435 (E.D. Mich. 1977); *See also Clegg v. Bell,* 3 Fed.Appx. 398, 399 (6th Cir. 2001) (a state prisoner has no right to a specific prison job). Plaintiff has therefore failed to state a claim upon which relief can be granted. Because Plaintiff does not have a constitutional right to a job assignment while incarcerated in prison, his case is subject to dismissal under the federal *in forma pauperis* statute. *See Abdul-Akbar v. Department of Corrections,* 910 F.Supp. 986, 1003 (D. Del. 1995) (claim by prisoner in federal civil rights action that his due process rights were violated by the fact that he was fired summarily from his job by prison officials was dismissed as frivolous under federal *in forma pauperis* statute; no legitimate entitlement existed to such opportunity, as prison employment is a discretionary opportunity that prison officials are not required to supply).

Second, prisoners have no constitutional right to education. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *See also Carter v. Morgan*, 142 F.3d 432 (6th Cir. 1998) (no constitutional right to educational classes); *Tribell v. Mills*, 25 F.3d 1050 (6th Cir. 1994) ( "[N]o constitutional right to vocational or educational programs." ). Under those authorities, Plaintiff has no due-process claim arising from Defendants' decisions; pursuant to the documents submitted by Plaintiff, Plaintiff is "on the waiting list for schools and will be placed into a job [] when he either completes his GED or completes a school exemption form." (Michigan Department of Corrections Memorandum, dated Jan. 22, 2008, attached to Plaintiff's Complaint.)

On those bases, Plaintiff's claims are properly dismissed.

Additionally, the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.1997).

V.

**IT IS HEREBY ORDERED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A), that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: September 23, 2008

I hereby certify that a copy of the foregoing document was served upon Deamont Richardson and counsel of record on September 23, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager